**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

    v.

Denise Grevas,

    Defendant.

Civil Action No.

**COMPLAINT**

Plaintiff U.S. Securities and Exchange Commission ("SEC") alleges as follows:

1.    The SEC brings this action against Defendant Denise Grevas ("Grevas") for engaging in illegal insider trading in the stock of Alder BioPharmaceuticals, Inc. ("Alder") in advance of an announcement by H. Lundbeck A/S ("Lundbeck") on September 16, 2019 that it would acquire Alder through a tender offer.

2.    Grevas purchased shares of Alder stock on the basis of material, nonpublic information about the Alder tender offer that she misappropriated from her spouse, who was a member of Lundbeck's due diligence team for the Alder tender offer. Unbeknownst to her spouse, after learning the information during a telephone call on August 19, 2019, Grevas purchased 30,800 shares of Alder stock in five brokerage accounts under her control, trading on nearly every trading day until Lundbeck's announcement.

3.    After Lundbeck announced the tender offer on September 16, 2019, Alder's share price increased from its prior day's closing price of $10.06 to $18.50 per share, an increase of

84%. Grevas obtained realized and unrealized gains of $286,960 as of the end of the day of Lundbeck's announcement.

4. Grevas' insider trading violated Sections 10(b) and 14(e) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b) and 78n(e)] and Rules 10b-5 and 14e-3 thereunder [17 C.F.R. §§ 240.10b-5 and 240.14e-3]. The SEC brings this action to hold Grevas accountable for her illegal conduct, permanently enjoin her from further violations of the federal securities laws, and impose civil penalties.

## JURISDICTION AND VENUE

5. The SEC brings this action under Sections 21(d), 21(e), and 21A of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e) and 78u-1].

6. This Court has jurisdiction over this action pursuant to Section 27 of the Exchange Act [15 U.S.C. § 78aa]. Grevas has directly or indirectly made use of the means or instrumentalities of interstate commerce, or of the mails, or the facilities of a national securities exchange in connection with the acts, practices, transactions, and courses of business alleged herein.

7. Venue is proper in this Court pursuant to Section 27 of the Exchange Act [15 U.S.C. § 78aa]. Many of the acts, practices, and courses of business constituting the violations alleged herein occurred within the Northern District of Illinois.

8. Grevas resides in Evanston, Illinois and the offices of Lundbeck's North American subsidiary are located in Deerfield, Illinois.

9. Grevas will, unless enjoined, continue to engage in the acts, practices, transactions, and courses of business set forth in this Complaint, or in acts, practices, transactions, and courses of business of similar purport and object.

### The Defendant

10. **Denise Grevas**, age 60, is a resident of Evanston, Illinois. Grevas is not currently employed but actively trades securities in several brokerage accounts. At the time relevant to the conduct described in this Complaint, Grevas' spouse (referred to below as "Lundbeck Manager 1") worked as a senior manager in the human resources department of Lundbeck's North American subsidiary.

### Other Relevant Entities and Person

11. **Alder BioPharmaceuticals, Inc.**, was a Delaware corporation with its headquarters located in Bothell, Washington. Prior to its acquisition, Alder developed drugs for the treatment of migraine headaches. Until its acquisition by Lundbeck, Alder's securities were registered with the SEC pursuant to Section 12(b) of the Exchange Act and its common stock traded on the NASDAQ under the ticker symbol ALDR.

12. **H. Lundbeck A/S** is multinational pharmaceutical company with its headquarters located in Copenhagen, Denmark. Lundbeck operates in North America through its subsidiary, Lundbeck, LLC, which has its principal offices in Deerfield, Illinois.

13. **Lundbeck Manager 1,** is a resident of Evanston, Illinois and worked as a senior manager in Lundbeck's North American human resources department until 2020 when he resigned his position. At all relevant times, he has been married to Grevas. Through his job, Lundbeck Manager 1 was knowledgeable and familiar with Lundbeck's nonpublic plans to acquire Alder through a tender offer and served on Lundbeck's due diligence team for the Alder acquisition.

**FACTS**

14. Grevas and Lundbeck Manager 1 are married and regularly share confidences, including information about Lundbeck Manager 1's job activities and his work travel schedule.

15. During the relevant period, Grevas did not work outside of her home and spent her time actively trading stocks on a daily basis. She regularly watched television programs about securities trading, read financial literature, and closely followed certain biopharmaceutical stocks.

16. Grevas managed her and Lundbeck Manager 1's finances. She also exercised control over her personal brokerage accounts, her and Lundbeck Manager 1's joint brokerage accounts, a joint brokerage account with her father and step-mother, and a brokerage account in the name of her aunt.

17. Lundbeck Manager 1 held a senior position in Lundbeck's Human Resources Department. His responsibilities included modeling and preparing compensation packages for certain executives and conducting due diligence for Lundbeck's business combinations and acquisitions.

18. In July 2019, Lundbeck took substantial steps toward an acquisition of Alder by tender offer and began conducting due diligence on the transaction under an internal code name.

19. Around the same time in July 2019, Lundbeck Manager 1's supervisor asked Lundbeck Manager 1 to take on additional job duties related to Lundbeck's confidential acquisition. At that time, Lundbeck Manager 1 did not know this additional work involved Alder and only knew the target company by Lundbeck's internal code name.

20. On Friday, August 16, 2019, Lundbeck Manager 1 received an email inviting him to a "kickoff meeting" for the confidential acquisition on the following Tuesday, August 20, 2019.

21. During the morning of Monday, August 19, 2019, Lundbeck Manager 1's supervisor met with him and, as part of a conversation about his upcoming work expectations, told Lundbeck Manager 1 that the confidential acquisition involved Alder and that Lundbeck Manager 1 would need to perform additional work on the Alder acquisition, including performing due diligence on Alder's employee compensation program and preparing severance packages for certain Alder employees and managers.

22. Soon after the meeting with his supervisor, Lundbeck Manager 1 called Grevas to complain about the additional work that he would have to perform as part of Lundbeck's due diligence and blurted out Alder's name during the conversation.

23. Grevas knew that the information conveyed to her by her husband about Alder was material and nonpublic. She also knew that she was not allowed to trade on the information.

24. Lundbeck Manager 1 expected Grevas to keep the information about his work on the Alder tender offer confidential and did not have reason to believe that she would trade on the information that he told her about Alder during their telephone call.

25. Starting on August 19, 2019, almost immediately following the telephone call with Lundbeck Manager 1, Grevas started purchasing shares of Alder stock in five brokerage accounts under her control, including her retirement accounts, a joint account with Lundbeck Manager 1, a joint account with her father and step-mother, and an account belonging to her aunt.

26.    Without telling her husband, between August 19 and September 13, 2019, Grevas purchased 30,800 shares of Alder in the five brokerage accounts at prices ranging between $8.46 and $10.13 per share, and purchased Alder stock on nearly every trading day.

27.    Specifically, Grevas purchased shares of Alder stock on the following dates and amounts:



28.    To fund her purchases of Alder stock, Grevas used existing cash in the brokerage accounts and liquidated other securities.

29.    Grevas' purchases of Alder stock cost at least $280,787.

30.    On September 16, 2019, before the stock market opened, Lundbeck publicly announced its planned acquisition of Alder by tender offer for up to $20 per share in cash.

31.    Following the acquisition announcement, Alder's stock price increased 84% from its previous closing price of $10.06 to close at $18.50 per share on September 16, 2019.

32.    After Lundbeck's announcement, Lundbeck Manager 1 telephoned Grevas to tell her about the acquisition.

33. Grevas first informed her spouse during this telephone call that she had purchased shares of Alder stock in the weeks leading up to the announcement.

34. Lundbeck Manager 1 became upset with Grevas, telling her that she should not have traded in Alder stock because he was an insider and knew about the acquisition.

35. After their telephone call, Grevas began selling the shares of Alder stock that she had purchased in the five brokerage accounts.

36. Grevas sold 20,600 of the Alder shares on September 16, 2019, the day of the announcement, realizing a gain of $190,434. That day, Alder's stock closed at a price of $18.50 per share.

37. Grevas obtained realized and unrealized gains of $286,960 as of the end of the day of Lundbeck's announcement on September 16, 2019. She sold the remaining 10,200 Alder shares on September 20, 2019.

## COUNT I

### Grevas Violated Exchange Act Section 10(b) and Rule 10b-5 Thereunder [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5]

38. The SEC realleges and incorporates by reference paragraphs 1 through 37 as though fully set forth herein.

39. All of the Alder shares that Grevas purchased are securities.

40. Grevas purchased the shares of Alder stock as described herein based on material nonpublic information that Grevas misappropriated from her spouse, Lundbeck Manager 1, in advance of Lundbeck's public announcement that it planned to acquire Alder by tender offer.

41. Grevas knew, or recklessly disregarded the fact, that the information she had

misappropriated from her spouse about Lundbeck's acquisition of Alder was material and nonpublic and violated the duty of trust and confidence arising from her relationship with Lundbeck Manager 1.

42. Grevas knew, or recklessly disregarded the fact, that it would be improper to purchase Alder securities based on material nonpublic information that she had obtained from Lundbeck Manager 1.

43. As more fully described in paragraphs 1 through 37 above, Grevas, in connection with the purchase and sale of securities, by the use of the means or instrumentalities of interstate commerce, or of the mails, or of any facility of any national securities exchange, directly or indirectly: (a) employed devices, schemes, or artifices to defraud; (b) made untrue statements of material fact or omitted to state materials facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon another person, including purchasers and sellers and prospective purchasers and sellers of securities.

44. Grevas acted with scienter by knowingly or recklessly engaging in the insider trading described above.

45. By engaging in the conduct described above, Grevas, directly or indirectly, violated, and unless enjoined will again violate, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## COUNT II

### Grevas Violated Exchange Act Section 14(e) and Rule 14e-3 Thereunder [15 U.S.C. § 78n(e) and 17 C.F.R. § 240.14-3]

46. The SEC realleges and incorporates by reference paragraphs 1 through 37.

Case: 1:21-cv-04390 Document #: 1 Filed: 08/18/21 Page 9 of 10 PageID #:9

47. After Lundbeck had taken substantial steps to commence a tender offer for Alder's stock, Defendant Grevas purchased shares of Alder stock while in possession of material information relating to a tender offer that she knew or had reason to know was nonpublic, and which Grevas knew or had reason to know had been acquired, directly or indirectly, from the offering company, Lundbeck, or an officer, director, partner, employee, or other person operating on behalf of Lundbeck before such information and its source were publicly disclosed.

48. As a result of the activities described above, Grevas has violated, and unless enjoined will again violate Section 14(e) of the Exchange Act [15 U.S.C. § 78n(e)] and Rule 14e-3 thereunder [17 C.F.R. § 240.14-3].

## RELIEF REQUESTED

**WHEREFORE,** the SEC respectfully requests that this Court:

### I.

Issue findings of fact and conclusions of law that Defendant Grevas committed the violations charged and alleged herein.

### II.

Enter an Order of Permanent Injunction permanently restraining and enjoining Grevas, her officers, agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of the Order, by personal service or otherwise, and each of them from, directly or indirectly, engaging in the transactions, acts, practices or courses of business described above, or in conduct of similar purport and object, in violation of Sections 10(b) and 14(e) of the Exchange Act [15 U.S.C. §§ 78j(b) and 78n(e)] and Rules 10b-5 and 14e-3 thereunder [17 CFR §§ 240.10b-5 and 240.14-e3].

-9-

**III.**

Issue an Order requiring Defendant Grevas to pay civil monetary penalties pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1].

**IV.**

Retain jurisdiction of this action in accordance with principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

**V.**

Grant such other relief as this Court deems appropriate.

Respectfully Submitted,

Dated: August 18, 2021

/s/ **Richard G. Stoltz**
Daniel J. Hayes (HayesDJ@sec.gov)
Anne C. McKinley (McKinleyA@sec.gov)
Richard G. Stoltz (StoltzR@sec.gov)
175 West Jackson Blvd., Suite 1450
Chicago, IL 60604
Phone: (312) 353-7390
Facsimile: (312) 353-7398
Attorneys for Plaintiff
U.S. Securities and Exchange Commission